## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD DAISLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>MCKAMISH, Inc., KEVIN MCKAMISH and DENNIS MCKAMISH, in individual capacities,<br><br>  Defendants. | Case No. 18-1562 _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff, Donald Daisley ("Plaintiff"), by and through his attorney, Christi Wallace, Esq., of Kraemer, Manes & Associates LLC, and files this Complaint against Defendants, McKamish, Inc., Kevin McKamish and Dennis McKamish, alleging as follows:

## NATURE OF THE ACTION

Plaintiff brings this action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*. and Pennsylvania Military Affairs Act ("PMAA"), 51 Pa.C.S.A. § 7301, *et seq*. due to discrimination by Defendant against Plaintiff because of his military affiliation and service.

## PARTIES

1. Plaintiff, Donald Daisley ("Plaintiff"), is an adult individual who currently resides at 10832 Highpoint Drive Pittsburgh, PA 15235.

2. Defendant, McKamish, Inc., is located at 50 55th Street, Pittsburgh, PA 15201.

3. Defendant, Kevin McKamish, is an adult individual who works at 50 55th Street, Pittsburgh, PA 15201.

4. Defendant, Dennis McKamish, is an adult individual who works at 50 55th Street, Pittsburgh, PA 15201.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. Furthermore, this Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

6. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

7. Plaintiff is a member of the United States National Guard and has been since 1991.

8. Plaintiff is a full-time AR Manger and has worked for McKamish, Inc. since June of 2013.

9. In July of 2015, Plaintiff became aware he was being deployed to Kosovo (via military order) from January to December 27, 2016.

10. Plaintiff informed Part-Owner and Controller, Dennis McKamish, of his military orders in July of 2015.

    a. During this conversation, Dennis McKamish did not seem pleased Plaintiff would be deployed for nearly a year.

    b. Dennis McKamish stated to Plaintiff on numerous occasions besides this meeting, "how come you aren't retiring? You said you were getting out."

11.   Plaintiff returned to work around December 30, 2016. Upon his first day returning to work, Plaintiff was immediately met with deployment-based discrimination when Dennis McKamish questioned Plaintiff stating, "you're not going to get deployed again are you?" Plaintiff replied, "I have no idea. I don't have control over it."

12.   In February 2017, Plaintiff asked Dennis McKamish about his end-of-year bonus, stating, "I don't know if everyone got a bonus, but if I had not gone away, I would have still gotten one. I would still be entitled under USERRA."

   a. Dennis McKamish stated Ms. Thompson (Plaintiff's replacement while on military leave) did get a bonus, and that, "we're not going to bring this up again."

   b. Plaintiff did not receive his bonus.

   c. This is a violation under USERRA which provides that employees in the armed forces are still entitled to anything anyone in a similar position received while they were deployed.

13.   In February 2017, Plaintiff also raised the issue of his profit sharing with Dennis McKamish. Plaintiff noticed he was only vested 20% instead of 40%.

   a. Dennis McKamish told Plaintiff his income for 2016 was zero so McKamish, Inc. did not make any contributions to Plaintiff's profit sharing.

   b. Plaintiff worked one week in 2016 as he was not deployed until January 7, 2016.

   c. In December 2015, Dennis McKamish told Plaintiff he would pay him for the one week worked in January 2016 in December 2015, instead of January 2016.

   d. Dennis McKamish also told Plaintiff he would pay him his 2016 bonus in 2015. All other non-military employees received their bonus around February 2016.

  e. Dennis McKamish intentionally paid Plaintiff his 2016 wages and bonus in 2015 so Plaintiff would have zero income for 2016 and McKamish, Inc. would not have to pay into Plaintiff's profit sharing.

  f. To Plaintiff's knowledge and belief, this was not done to any non-military employees.

  g. Plaintiff was also forced to engage in a protracted and cumbersome dialog with Defendants to receive his rightfully earned shares.

  h. To Plaintiff's knowledge and belief, none of the other non-military employees however were required to do so to receive their proceeds.

14. On March 20, 2017, Plaintiff was once again harassed by Defendants regarding his military service.

  a. Kevin McKamish, Assistant Controller, and Dennis McKamish, called Plaintiff into a meeting and stated they heard rumors that Plaintiff was "not the same person [he] was a year ago" and that Plaintiff now possesses a "bad attitude."

    i. Plaintiff believed they were implying that he was a better person before his re-deployment in 2016 and the upcoming deployment in 2018 and that the military was somehow making him a bad person.

  b. To Plaintiff's knowledge and belief, the individual circulating these rumors was David McKamish, President and Part-Owner. He was not in contact with Plaintiff, and the unfoundedness of these allegations illustrate the discriminatory environment Plaintiff endured.

15. Prior to this March 20, 2017 meeting, Plaintiff assigned tasks to Ms. Thompson to be completed while Plaintiff was on vacation.

       a. Upon returning from said vacation, the tasks Plaintiff assigned were incomplete. Plaintiff raised this issue at the March 20, 2017 meeting to which Dennis McKamish replied, "well, we've never had anyone deployed before."

       b. This indifference further illustrates the discriminatory environment Plaintiff was subjected to due to his military service.

16. On June 1, 2017, Plaintiff became aware he would be deployed to Kuwait in January 2018.

       a. Plaintiff promptly informed Kevin and Dennis McKamish to which Dennis McKamish replied, "you told me you were getting out."

       b. Pursuant to the deployment requirements, Plaintiff informed Kevin and Dennis McKamish that he would need to take an unpaid military day the following Friday in order to complete his deployment paperwork and medical testing.

17. On June 3, 2017, a Saturday, Plaintiff hit a deer with his vehicle and was unable to come to work the following Monday.

       a. Plaintiff informed Dennis McKamish of his inability to obtain a rental car and stated he would be taking a vacation day to cover the absence.

18. On June 6, 2017, Plaintiff reported to work and was taken into a meeting with Kevin and Dennis McKamish. Dennis McKamish stated they were terminating Plaintiff as they are "really slow right now."

       a. To Plaintiff's knowledge and belief, this is inaccurate as McKamish, Inc. was recently awarded a multimillion-dollar job which would later more than double in later phases of the job.

19. Dennis McKamish then told Plaintiff about COBRA insurance to which Plaintiff stated he was not going to use it. Dennis McKamish then replied, in a disdainful tone, "oh, you'll just use your *military*."

20. The timing of this termination is suspect as this occurred five days after he reported he had received deployment orders for January 2018.

21. Additionally, Plaintiff was terminated one week before his four-year employment anniversary in which he would have been 60% vested in his profit sharing with McKamish, Inc.

22. Plaintiff lost out on $5,000 profit sharing due to only being 40% vested at the time of his termination.

## ALLEGATIONS

### Count I
### Unlawful Military Discrimination Pursuant to USERRA against Defendant McKamish, Inc.

23. Paragraphs 1-22 are incorporated herein by reference as though set forth in full.

24. Pursuant to 38 U.S.C. § 4311(a), it is unlawful to discriminate against members of the military because of their membership, service, or obligations to service, and shall not be denied employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer.

25. Plaintiff is protected under USERRA because he is an active member of the military.

26. Plaintiff has been discriminated against by McKamish, Inc. in violation of USERRA on the basis of his membership in the military, including, but not limited to, the following circumstances:

    a. Plaintiff was forced to engage in a protracted dialog to receive his duly owed year-end bonus.

    b. Plaintiff was forced to engage in a protracted dialog to receive his duly owed profit sharing.

    c. Plaintiff was illegally paid his wages and bonus for 2016 in 2015 so Plaintiff would have zero income for 2016, and therefore, McKamish, Inc. would not have to pay anything into Plaintiff's profit sharing.

    d. Plaintiff has suffered discriminatory comments at the hands of McKamish, Inc. due to his deployment.

    e. Plaintiff would raise concerns about work getting done only to be dismissed.

        i. Plaintiff assigned tasks to Ms. Thompson to be completed while Plaintiff was on vacation. Upon returning from said vacation, the tasks Plaintiff assigned were incomplete. Plaintiff raised this issue to which Dennis McKamish replied, "well, we've never had anyone deployed before."

    f. Plaintiff was terminated due to his new deployment.

    g. Plaintiff was intentionally terminated to avoid the vesting of his profit sharing.

27. As a direct result of Defendant McKamish, Inc.'s unlawful acts and omissions, Plaintiff suffered damages.

## Count II
### Unlawful Military Discrimination Pursuant to USERRA against Defendant Kevin McKamish

28. Paragraphs 1-27 are incorporated herein by reference as though set forth in full.

29. Pursuant to 38 U.S.C. § 4311(a), it is unlawful to discriminate against members of the military because of their membership, service, or obligations to service, and shall not be denied employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer.

30. Plaintiff is protected under USERRA because he is an active member of the military.

31. The statute defines "employer" as a "person, institution, organization, or other entity that pays salary or wages for work performed or that <u>has control over employment opportunities including a person</u> ... to whom the employer has delegated the performance of employment-related responsibilities." 38 U.S.C.A. § 4303(4)(A)(I)(emphasis added).

32. Supervisors and individuals with power over a plaintiff can be held liable under USERRA. *Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp. 2d 423 (E.D. Pa. 1998).

33. Kevin McKamish was Plaintiff's Supervisor and had power over Plaintiff and his job duties.

34. Plaintiff has been discriminated against by Kevin McKamish in violation of USERRA on the basis of his membership in the military, including, but not limited to, the following circumstances:

    a. Plaintiff has suffered discriminatory comments at the hands of Kevin McKamish due to his previous deployment.

        i. Kevin McKamish called Plaintiff into a meeting and falsely stated hearing rumors that Plaintiff was "not the same person [he] was a year ago" and that Plaintiff now possesses a "bad attitude." Plaintiff believed Kevin McKamish was implying that Plaintiff was a better person before

     his re-deployment in 2016 and the upcoming deployment in 2018 and that the military was somehow making him a bad person.

  b. Plaintiff was terminated due to his new deployment.

  c. Plaintiff was intentionally terminated to avoid the vesting of his profit sharing.

35. As a direct result of Defendant Kevin McKamish's unlawful acts and omissions, Plaintiff suffered damages.

**<u>Count III</u>**
**Unlawful Military Discrimination Pursuant to USERRA against Defendant Dennis McKamish**

36. Paragraphs 1-35 are incorporated herein by reference as though set forth in full.

37. Pursuant to 38 U.S.C. § 4311(a), it is unlawful to discriminate against members of the military because of their membership, service, or obligations to service, and shall not be denied employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer.

38. Plaintiff is protected under USERRA because he is an active member of the military.

39. The statute defines "employer" as a "person, institution, organization, or other entity that pays salary or wages for work performed or that <u>has control over employment opportunities including a person</u> ... to whom the employer has delegated the performance of employment-related responsibilities." 38 U.S.C.A. § 4303(4)(A)(I)(emphasis added).

40. Supervisors and individuals with power over a plaintiff can be held liable under USERRA. *Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp. 2d 423 (E.D. Pa. 1998).

41. Dennis McKamish was Plaintiff's Supervisor and Part-Owner and had power over Plaintiff and his job duties.

42. Plaintiff has been discriminated against by Dennis McKamish in violation of USERRA on the basis of his membership in the military, including, but not limited to, the following circumstances:

   a. Plaintiff was forced to engage in a protracted dialog with Dennis McKamish to receive his duly owed year-end bonus.

   b. Plaintiff was forced to engage in a protracted dialog with Dennis McKamish to receive his duly owed profit sharing.

   c. Dennis McKamish illegally paid Plaintiff his wages and bonus for 2016 in 2015 so Plaintiff would have zero income for 2016, and therefore, McKamish, Inc. would not have to pay anything into Plaintiff's profit sharing.

   d. Plaintiff has suffered discriminatory comments at the hands of Dennis McKamish due to his previous deployment.

      i. Plaintiff informed Dennis McKamish, of his military orders in July of 2015. After this, Dennis McKamish stated to Plaintiff on numerous occasions, "how come you aren't retiring? You said you were getting out."

      ii. Plaintiff returned to work around December 30, 2016. Upon his first day returning to work, Dennis McKamish questioned Plaintiff stating, "you're not going to get deployed again are you?" Plaintiff replied, "I have no idea. I don't have control over it."

      iii. Kevin McKamish and Dennis McKamish called Plaintiff into a meeting and falsely stated hearing rumors that Plaintiff was "not the same person [he] was a year ago" and that Plaintiff now possesses a "bad attitude."

       1. Plaintiff believed they were implying that Plaintiff was a better person before his re-deployment in 2016 and the upcoming deployment in 2018 and that the military was somehow making him a bad person.

       2. Dennis McKamish then told Plaintiff about COBRA insurance to which Plaintiff stated he was not going to use it. Dennis McKamish then replied, in a disdainful tone, "oh, you'll just use your *military*."

    e. Plaintiff was terminated due to his new deployment.

    f. Plaintiff was intentionally terminated to avoid the vesting of his profit sharing.

43. As a direct result of Defendant Dennis McKamish's unlawful acts and omissions, Plaintiff suffered damages.

### Count IV
### Unlawful Military Discrimination Pursuant to the PMAA against Defendant McKamish, Inc.

44. Paragraphs 1-43 are incorporated herein by reference as though set forth in full.

45. Like USERRA, PMAA prohibits discrimination by employers on the basis of military service. 51 Pa.C.S.A. § 7301, *et seq*.

46. Moreover, the analytical framework used to evaluate a discrimination claim under the PMAA is effectively indistinguishable from that under USERRA, and allows this Court to interpret PMAA claims in conformity with USERRA.

47. Plaintiff is protected under 51 Pa.C.S.A. § 7309(a) because he is an active member of the military.

48. Furthermore, Plaintiff has been discriminated against in violation of PMAA on the basis of his membership in the military, including, but not limited to, the following circumstances:

   a. Plaintiff was forced to engage in a protracted dialog to receive his duly owed year-end bonus.

   b. Plaintiff was forced to engage in a protracted dialog to receive his duly owed profit sharing.

   c. Plaintiff was illegally paid his wages and bonus for 2016 in 2015 so he would have zero income for 2016, and therefore, McKamish, Inc. would not have to pay anything into Plaintiff's profit sharing.

   d. Plaintiff has suffered discriminatory comments at the hands of Defendant McKamish due to his deployment.

   e. Plaintiff would raise concerns about work getting done only to be dismissed.

      i. Plaintiff assigned tasks to Ms. Thompson to be completed while Plaintiff was on vacation. Upon returning from said vacation, the tasks Plaintiff assigned were incomplete. Plaintiff raised this issue to which Dennis McKamish replied, "well, we've never had anyone deployed before."

   f. Plaintiff was terminated due to his new deployment.

   g. Plaintiff was intentionally terminated to avoid the vesting of his profit sharing.

49. As a direct result of Defendant McKamish's unlawful acts and omissions, Plaintiff suffered damages.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for all damages and other remedies for which Plaintiff is entitled to under the statutes cited in each of the above counts, including, but not limited to, the following:

a. Loss of wages/back pay;

b. Front pay as deemed appropriate by the court;

c. Compensatory, punitive and/or liquidated damages as allowed by USERRA and/or PMAA;

d. Proceeds owed from the profit-sharing plan;

e. Payment of 401k;

f. Plaintiff's legal fees and expenses;

g. Pre-judgment and continuing interest;

h. Court costs; and

i. Other such relief as the Court may deem appropriate.


Respectfully Submitted,

_____

Christi Wallace, Esq.
Kraemer, Manes & Associates, LLC
U.S. Steel Tower, 48th Floor
600 Grant Street, Suite 4875
Pittsburgh, PA 15219