**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD DAISLEY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:18-cv-1562 |
| | ) | |
| vs. | ) | |
| | ) | |
| McKAMISH, Inc., and KEVIN | ) | |
| McKAMISH and DENNIS McKAMISH | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT ANSWER and AFFIRMATIVE DEFENSES**

COME NOW Defendants, McKamish, Inc., ("McKamish"), Kevin McKamish ("Kevin") and Dennis McKamish ("Dennis") by their undersigned counsel, and for their Answer state as follows:

**NATURE of the ACTION**

Defendants admit that Plaintiff has commenced this action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.* and the Pennsylvania Military Affairs Act ("PMAA"), 51 Pa.C.S.A. § 7301, *et seq.* Defendants deny all claims of violation of such Acts.

**PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

## JURISDICTION and VENUE

5.   This Paragraph states legal conclusions to which no responsive pleading is required.

6.   After reasonable investigation, Defendants are without information sufficient to form a belief as to the truth of the averment that Plaintiff is currently a resident and citizen of Pennsylvania, and therefore deny this averment. The remainder of the averments of this Paragraph state legal conclusions to which no responsive pleading is required.

## FACTS

7.   Admitted in part and denied in part. It is admitted that Plaintiff was a member of the National Guard. Defendants are without information sufficient to form a belief as to when his membership in the National Guard began, and whether he remains a member of the National Guard, and therefore deny these averments.

8.   Admitted in part and denied in part. It is admitted that Plaintiff was hired by McKamish in June 2013 as an Accounts Receivable Clerk. It is denied that he was AR Manager. Except as admitted the averments are denied.

9.   Admitted in part and denied in part. Defendants are without information sufficient to form a belief as to the truth of the averment that Plaintiff became aware of his deployment to Kosovo in July 2015. Defendants admit that Plaintiff was deployed from January to December 27, 2016. Except as admitted, the averments are denied.

10. Admitted in part and denied in part. It is admitted that Plaintiff informed Dennis of his military orders in July 2015. It is admitted that Dennis is the Controller and an owner of McKamish.

    a.   Denied. The averments of this subparagraph are vague, ambiguous and not statements of fact.

b.   Admitted in part and denied in part. It is admitted that during Plaintiff's
employment Dennis inquired about Plaintiff's intention to retire from the
military. The inquiries were prompted by Plaintiff's representation that he was
planning to retire in February 2015. It is denied that such inquiries were made on
"numerous" occasions. Except as admitted the averments of this subparagraph
are denied.

11. Denied.

12. Admitted in part and denied in part. It is admitted that Plaintiff made inquiry about a
bonus for 2016. The remainder of the averments of this paragraph are denied.

a.   Admitted in part and denied in part. It is admitted that Ms. Thompson assumed
Plaintiff's job duties while Plaintiff was on military leave. It is admitted that Ms.
Thompson received a bonus for 2016. The remainder of the averments of this
subparagraph are denied.

b.   Admitted in part and denied in part. It is admitted that Plaintiff did not receive a
bonus for 2016. It is denied that he was entitled to a bonus for 2016.

c.   This subparagraph states a legal conclusion to which no responsive pleading is
required. To the extent that a response is deemed necessary, it is denied.

13. Admitted.

a.   Admitted in part and denied in part. It is admitted that Defendant McKamish
initially did not make a profit sharing contribution for Plaintiff because he had no
W-2 income for 2016. After consultation with its plan custodian, McKamish did
make a contribution to Plaintiff's account. Except as admitted, the averments are
denied.

    b.  Admitted.

    c.  Admitted in part and denied in part. It is admitted that because Plaintiff was soon to begin his military leave Dennis asked Plaintiff if would like to be paid in advance for the few days he was to work in January 2016, and that Plaintiff agreed. Except as admitted the averments are denied.

    d.  Admitted in part and denied in part. It is admitted that because Plaintiff was soon to begin his military leave Dennis asked Plaintiff if would like to be paid his 2015 bonus in advance of his leave, and that Plaintiff agreed. Except as admitted the averments are denied.

    e.  Denied.

    f.  Defendants are without information sufficient to form a belief about the truth of plaintiff's averments about his knowledge or beliefs, and therefore deny this subparagraph. Defendants admit that no other employee requested payment of 2016 compensation in 2015.

    g.  Denied.

    h.  Defendants are without information sufficient to form a belief about the truth of plaintiff's averments about his knowledge or beliefs, and therefore deny this subparagraph.

14. Denied.

    a.  Denied.

        i.  Defendants are without information sufficient to form a belief about the truth of Plaintiff's averments about his beliefs, and therefore deny this subparagraph.

    b.   Defendants are without information sufficient to form a belief about the truth of Plaintiff's averments about his beliefs, and therefore deny this subparagraph.

15. Denied.

    a.   Denied.

    b.   Denied.

16. Defendants are without information sufficient to form a belief about the truth of the averment about when Plaintiff became aware of when he would be deployed, and therefore deny this averment.

    a.   Admitted in part and denied in part. It is admitted that Plaintiff informed Dennis and Kevin that he was to be deployed. It is admitted that in response, Dennis asked Plaintiff "I thought you were getting out?" because Plaintiff had previously stated that he was retiring. The remainder of the averments are denied.

    b.   Admitted.

17. Admitted in part and denied in part. Defendants are without information sufficient to form a belief about the truth of the averments that Plaintiff hit a deer with his vehicle and was unable to obtain a rental car. The same are therefore denied. It is admitted that Plaintiff stated this explanation to Dennis.

18. Admitted.

    a.   Defendants are without information sufficient to form a belief about the truth of plaintiff's averments about his knowledge or beliefs, and therefore denies this subparagraph. Defendants deny that McKamish had recently been awarded a multimillion dollar job.

{B4105917.1}

- 5 -

19. Admitted in part and denied in part. It is admitted that Dennis offered Plaintiff the opportunity to elect COBRA continuation coverage. The remainder of the averments are denied.

20. Denied. The averments of this subparagraph are vague, ambiguous and not statements of fact.

21. Denied.

22. Denied.

## COUNT I – USERRA CLAIM AGAINST McKAMISH, INC.

23. The Answers to Paragraphs 1 through 22 are incorporated by reference herein.

24. This Paragraph states legal conclusions to which no responsive pleading is required.

25. Admitted in part and denied in part. It is admitted that Plaintiff is a member of the National Guard, and that Plaintiff has on occasion been called to active duty in the military. The remainder of the averments are denied.

26. Denied.

      a.  Denied.

      b.  Denied.

      c.  Denied.

      d.  Denied.

      e.  Denied.

         i.  Denied.

      f.  Denied.

      g.  Denied.

27. Denied.

## COUNT II – USERRA CLAIM AGAINST KEVIN McKAMISH

28. The Answers to Paragraphs 1 through 27 are incorporated by reference herein.

29. This Paragraph states legal conclusions to which no responsive pleading is required.

30. Admitted in part and denied in part. It is admitted that Plaintiff is a member of the National Guard, and that Plaintiff has on occasion been called to active duty in the military. The remainder of the averments are denied.

31. This Paragraph states legal conclusions to which no responsive pleading is required.

32. This Paragraph states legal conclusions to which no responsive pleading is required.

33. Admitted in part and denied in part. It is admitted that Kevin McKamish had some supervisor authority with respect to plaintiff. The remainder of the averments are  averments are ambiguous and undefined, and are therefore denied. It is denied that Kevin McKamish is an "employer" within the meaning of USERRA or the PMAA.

34. Denied.

    a.  Denied.

        i.  Denied.

    b.  Denied.

    c.  Denied.

35. Denied.

## COUNT III – USERRA CLAIM AGAINST DENNIS McKAMISH

36. The Answers to Paragraphs 1 through 35 are incorporated by reference herein.

37. This Paragraph states legal conclusions to which no responsive pleading is required.

38. Admitted in part and denied in part. It is admitted that Plaintiff is a member of the National Guard, and that Plaintiff has on occasion been called to active duty in the military. The remainder of the averments are denied.

39. This Paragraph states legal conclusions to which no responsive pleading is required.

40. This Paragraph states legal conclusions to which no responsive pleading is required.

41. Admitted in part and denied in part. It is admitted that Dennis McKamish had supervisory authority with respect to plaintiff. It is admitted that Dennis McKamish is an owner of McKamish, Inc. The remainder of the averments are ambiguous and undefined, and are therefore denied. It is denied that Dennis McKamish is an "employer" within the meaning of USERRA or the PMAA.

42. Denied.

    a.  Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

        i.  Denied.

        ii.  Denied.

        iii.  Denied.

            1.  Defendants are without information sufficient to form a belief as to the truth of Plaintiff's statements about his beliefs, and therefore denies this subparagraph.

    2. Admitted in part and denied in part. It is admitted that Dennis offered Plaintiff the opportunity to elect COBRA continuation coverage. The remainder of the averments are denied.

   e. Denied.

   f. Denied.

43. Denied.

## COUNT IV – PMAA CLAIM AGAINST McKAMISH, INC.

44. The Answers to Paragraphs 1 through 43 are incorporated by reference herein.

45. This Paragraph states legal conclusions to which no responsive pleading is required.

46. This Paragraph states legal conclusions to which no responsive pleading is required.

47. Admitted in part and denied in part. It is admitted that Plaintiff is a member of the National Guard, and that Plaintiff has on occasion been called to active duty in the military. The remainder of the averments are denied.

48. Denied.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

   e. Denied.

     i. Denied.

   f. Denied.

   g. Denied.

49. Denied.

## AFFIRMATIVE and ADDITIONAL DEFENSES

50. The Complaint fails to state claims on which relief can be granted.

51. Because Plaintiff requested payment of 2016 compensation in 2015 he is estopped from asserting claims based in whole or in part on that request.

52. Plaintiff's position would have been eliminated regardless of his status as a member of the National Guard and regardless of his military deployments.

53. No additional personnel were added to McKamish's accounting department.

54. All actions taken with respect to Plaintiff were based on, and because of, legitimate, non-discriminatory reasons unrelated to Plaintiff's military service.

55. Defendants at all times acted in good faith.

56. Plaintiff's claims are barred to the extent he seeks damages different from or in excess of those available under applicable law.

57. Punitive and compensatory damages are not available in this action, and are barred by the right to Due Process guaranteed by the United States and Pennsylvania Constitutions.

58. Defendants made a good faith effort to comply with applicable law.

59. Individual Defendants Kevin McKamish and Dennis McKamish are not proper parties to this action.

WHERFORE Defendants McKamish, Inc., Dennis McKamish and Kevin McKamish demand that judgment be entered in their favor and that Plaintiff shall take nothing from this action.

Respectfully submitted,

*/s/ John A. McCreary, Jr.*
John A. McCreary, Jr., Esquire
PA I.D. No. 43704
BABST, CALLAND, CLEMENTS and
ZOMNIR, P.C.
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, PA 15222
412-394-5400
412-394-6576 (fax)
jmccreary@babstcalland.com
*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the *Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

Signature:  /s/ John A. McCreary, Jr.

Name:  John A. McCreary, Jr., Esq.

Attorney No. (if applicable):  43704

{B4105917.1}

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on January 24, 2019, the foregoing *Joint Answer and Affirmative Defenses* was served via the Court's CM/ECF System on all parties registered to receive notices in these cases.

Dated:  January 24, 2019                          */s/ John A. McCreary, Jr.*